NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

GEORGE MOLSKI, *Petitioner*,

*v.*

THE HONORABLE MICHAEL P. MCGILL, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
YAVAPAI, *Respondent Judge*,

STATE OF ARIZONA, *Real Party in Interest.*

No. 1 CA-SA 21-0096
FILED 7-13-2021

Special Action Review from the Superior Court in Yavapai County
No. V1300CR202080664
The Honorable Michael P. McGill, Judge

**REVIEW GRANTED; RELIEF GRANTED IN PART; REMANDED.**

COUNSEL

DM Cantor, Phoenix
By Joy Riddle and David Cantor
*Counsel for Petitioner*

Sedona City Attorney's Office, Sedona
By William A. Kunisch
*Counsel for Real Party in Interest*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Peter B. Swann and Judge David D. Weinzweig joined.

---

**M c M U R D I E**, Judge:

**¶1**　　　　Petitioner George Molski seeks special action relief from the superior court's order dismissing his appeal for lack of jurisdiction. We grant special action jurisdiction, reverse the superior court's order, and remand for the following reasons.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　On October 23, 2019, the Sedona Municipal Court sentenced Molski on his conviction for Extreme DUI under A.R.S. § 28-1382(A)(2). Molski timely filed a notice of appeal from the final judgment and sentence. Before filing an opening memorandum in the appeal, Molski moved the municipal court for a trial *de novo,* asserting that the record was insufficient according to Rule 7(g) of the Superior Court Rules of Appellate Procedure—Criminal. He argued the record was inadequate because a significant portion of the State's closing argument was inaudible in the audio recording and had not been transcribed. On August 19, 2020, the municipal court denied the motion after finding that it could enhance the recordings.

**¶3**　　　　On October 21, 2020, Molski filed his opening memorandum in the superior court, raising the insufficient record issue. The superior court dismissed the appeal, concluding it lacked jurisdiction because Molski failed to appeal from the municipal court's August 19 order. *See* Ariz. Sup. Ct. R. App. P. Crim. 3(b) (requiring a notice of appeal to identify the order, judgment, sentence, or ruling appealed). Molski then petitioned this court for special action review.[1]

---

[1]　　Molski requested an extension to file his otherwise untimely reply brief. We grant this request and consider the reply brief in this decision.

## DISCUSSION

### A. We Accept Special Action Jurisdiction Because Molski Has No Right to Appeal from the Superior Court's Dismissal of His Appeal.

**¶4** We may accept special action jurisdiction when a petitioner has no "equally plain, speedy, and adequate remedy by appeal." Ariz. R.P. Spec. Act. 1(a). Here, Molski has no right to appeal from the superior court's dismissal of his appeal, and so we exercise our discretion and grant review.

### B. The Superior Court Had Jurisdiction to Review the Sufficiency of the Record According to Rule 7(g).

**¶5** Rule 7(g) provides in part:

> If it appears to the trial court that the record is insufficient for an appeal on the record, the trial court may, on its own motion or on motion of a party, reset the matter for a new trial within 45 days from such determination. . . . In cases where it appears that the record is insufficient, the preference shall be for a new trial at the trial court level. *Notwithstanding the foregoing, cases . . . determined by the superior court to have an insufficient record may be remanded to the original trial court for a new trial or hearing in lieu of a trial de novo in the superior court.*

(Emphasis added.) This rule allows the superior court to remand a case for trial *de novo* on its motion if it finds the record insufficient. Because the superior court can always consider the sufficiency of the record when acting as an appellate body, the court erred by concluding that it was without jurisdiction to consider the issue due to Molski's failure to file a separate notice of appeal concerning the August 19 order. We, therefore, reverse the superior court's order dismissing the appeal due to lack of jurisdiction, and remand the matter to the superior court to determine if the record is sufficient. If the superior court concludes that the record is insufficient, it may remand the case to the municipal court for a trial *de novo*. If the court determines the record is sufficient, it may proceed at its discretion.

**¶6** Molski requests that we direct the superior court to conduct a trial *de novo* under Rule 7(g). However, whether the record is sufficient is not before us. The only issue correctly before us is whether the superior court erred by determining that it lacked jurisdiction to determine if the record was sufficient. Molski's relief is therefore limited to the remand of this case to the superior court for its review of the Rule 7(g) issue.

## CONCLUSION

**¶7**      We accept jurisdiction, reverse the court's order dismissing Molski's appeal for lack of jurisdiction, and remand for review of the sufficiency of the record.



AMY M. WOOD • Clerk of the Court
FILED:    AA